_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00621-FWS-JDE | Date: November 25, 2025 |
| Title: Balubhai Patel *et al.* v. Crystal Pak *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:     ORDER DISMISSING CASE**

   In this case, Plaintiffs Balubhai Patel; Rajanikant Naginbhai Patel and Alkakumari Patel, as Trustees of the Patel Family Revocable Trust; Nitinkumar B. Patel; and KKR Investment Properties, LLC bring claims against Defendants Crystal Pak, Helen Joo Pak, and unnamed Does. (*See generally* Dkt. 29 ("FAC").) In summary, Plaintiffs allege Defendants failed to follow through with the sale of a motel to Plaintiffs. (*Id.* ¶¶ 6-21.) The FAC asserts federal claims under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO") and (2) 42 U.S.C. Section 1983 ("Section 1983"), and a state law claim for (3) breach of contract. (*See generally id.*) The FAC asserts the court has federal question jurisdiction over the RICO and Section 1983 claims, and supplemental jurisdiction over the breach of contract claim. (*Id.* ¶ 1.)

   On November 17, 2025, the court granted Defendants' motion to dismiss the RICO and Section 1983 claims, finding those claims insufficiently alleged under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. 35 ("MTD Order").) And "although the court ha[d] significant doubts that Plaintiffs can amend the FAC to plausibly allege the federal claims, the court d[id] not find with sufficient certainty that granting leave to amend would be futile." (*Id.* at 8.) "Accordingly, in an abundance of caution, the court [gave] Plaintiffs leave to amend the dismissed claims," with any amended complaint to be filed on or before December 8, 2025. (*Id.*) If Plaintiffs chose not to file an amended complaint on or before the deadline set by the

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00621-FWS-JDE | Date: November 25, 2025 |
| Title: Balubhai Patel *et al.* v. Crystal Pak *et al.* | |

court, the court ordered Plaintiffs to show cause on or before the same date why the court should not decline to exercise supplemental jurisdiction over the state law claims. (*Id.*)

The court has now received from Plaintiffs a "notice" that "Plaintiffs intend to stand on the [FAC] and not amend the FAC," and under *Edwards v Marin Park, Inc.*, 356 F.3d 1058, 1063-1065 (9th Cir. 2014), "Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to immediately appeal the Order to the United States Court of Appeals for the Ninth Circuit." (Dkt. 37 at 2); *see Edwards*, 356 F.3d at 1065 ("When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment.").

For the reasons discussed in the MTD Order, the court finds Plaintiffs fail to adequately state their RICO and Section 1983 claims—the claims on which this court's jurisdiction is based. (*See* MTD Order; FAC ¶ 1.) Because "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" remaining state law claims. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over remaining state law claims, courts consider the values "of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (citing *Mine Workers v. Gibbs,* 383 U.S. 715 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [these factors] will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988). The court finds this is "the usual case" where the balance of the *Gibbs* factors "point[s] toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* Accordingly, the court **DISMISSES** the breach of contract claim **WITHOUT LEAVE TO AMEND** but **WITHOUT PREJUDICE** to refiling in state court.

**AS ALL CLAIMS HAVE NOW BEEN DISMISSED WITHOUT LEAVE TO AMEND**, the Clerk of Court is respectfully **DIRECTED** to close this case.

___